

FILED

MAY 08 2023

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>EDWIN GIOVANNI SALINAS,<br><br>Defendant. | 1:23-CR-10008-02-CBK<br><br>MEMORANDUM OPINION<br>AND ORDER |

Defendant and co-defendant Berta Rosmelvi Gonzales were charged in a one-count indictment with conspiracy to distribute a controlled substance, fentanyl. Defendant Salinas filed a motion to sever defendants for trial pursuant to Fed. R. Crim. P. 14(a). Defendant Gonzales resists the motion to sever. The government has now filed a superseding indictment charging both defendants with conspiracy and with possession with intent to distribute fentanyl.

Pursuant to Fed. R. Crim. P. 8(b), joinder of defendants in an indictment is proper "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." "There is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537, 113 S. Ct. 933, 937, 122 L. Ed. 2d 317 (1993). In this case, both defendants are charged in both counts of the superseding indictment with having committed the identical crimes, conspiracy to distribute fentanyl and a single act of possession with intent to distribute fentanyl on a certain date. "It is the well-settled rule in this circuit that when all of the defendants charged in an indictment are part of a single common conspiracy joinder under Rule 8(b) is proper." United States v. Mendoza, 876 F.2d 639, 643 (8th Cir. 1989). Further, there can be no question that it is proper to join both defendants when they are both alleged to have participated in the same act of possession with intent to distribute fentanyl.

Relief from proper joinder under Rule 8 may be had under Fed. R. Crim. P. 14(a). U.S. v. Robaina, 39 F.3d 858, 861 (8th Cir. 1994). Pursuant to Rule 14(a), if the consolidation of defendants for trial appears to prejudice a defendant, the Court may order separate trials. United States v. Escobar, 909 F.3d 228, 242 (8th Cir. 2018). Defendant Salinas contends that severance is necessary in this case because codefendant Gonzales gave statements implicating Salinas and such claim would not be subject to cross-examination if Gonzales chooses not to testify.

> In conspiracy trials, our cases have tended to favor trying coconspirators jointly absent demonstrated prejudice. We will not reverse a denial of a motion to sever unless the appellant demonstrates an abuse of discretion resulting in clear prejudice. Generally, persons charged in a conspiracy or jointly indicted on similar evidence from the same or related events should be tried together. The mere fact that one defendant tries to shift blame to another defendant does not mandate separate trials, as a codefendant frequently attempts to 'point the finger,' to shift the blame, or to save himself at the expense of the other.

United States v. Lewis, 557 F.3d 601, 609 (8th Cir. 2009) (internal quotations and citations omitted).

"The presumption against severing properly joined cases is strong. It is not enough that a defendant thinks his chances for acquittal would be better in a separate trial." United States v. Delpit, 94 F.3d 1134, 1143 (8th Cir. 1996) (*citing* Zafiro, 506 U.S. at 540, 113 S.Ct. at 938–39). "This presumption can only be overcome if the prejudice is 'severe or compelling.'" United States v. Lewis, 557 F.3d at 609 (*quoting* United States v. Crumley, 528 F.3d 1053, 1063 (8th Cir.2008)). "Severance is not required merely because evidence that is admissible only against some defendants may be damaging to others." United States v. Mallett, 751 F.3d 907, 917 (8th Cir. 2014).

> A court will permit severance only "upon a showing of real prejudice to an individual defendant. . . . Prejudice to the defendant must be both "real" and "clear" . . . . A demonstration of prejudice requires the defendant to demonstrate some appreciable chance that he would not have been convicted had the separate trial he wanted been granted. That is, the defendant must show something more than the mere fact that his chances for acquittal would have been better had he been tried separately. He must affirmatively demonstrate that the joint trial prejudiced his right to a fair trial. To satisfy the real prejudice standard, a defendant may show that his

2

> defense is irreconcilable with the defense of his codefendant or that the jury will be unable to compartmentalize the evidence as it relates to separate defendants. The defendant carries a heavy burden in making this showing.

United States v. Payton, 636 F.3d 1027, 1037 (8th Cir. 2011) (internal quotations and citations omitted).

> We have stated that the existence of antagonistic defenses does not require severance unless the defenses are actually irreconcilable. A defense is irreconcilable when the jury, to believe the core of one defense, must necessarily disbelieve the core of another. Antagonistic defenses require severance only when there is a danger that the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty.

United States v. Lewis, 557 at 609–10 (cleaned up).

Defendant Salinas has identified no antagonistic defenses requiring severance. Instead, he contends that if Gonzales' statements to investigators which incriminated him are offered by the government in their case in chief and Gonzales does not testify, defendant would be unable to challenge Gonzales' statements. The identical Confrontation Clause concern was addressed by the United States Supreme Court in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). "In Bruton, the Supreme Court held that the admission of a nontestifying defendant's statement inculpating a codefendant violates the codefendant's Confrontation Clause rights, notwithstanding a curative instruction." United States v. Lewis, 557 F.3d 601, 611 (8th Cir. 2009) (*citing* Bruton, 391 U.S. at 135-36).

Defendant Salinas seeks to sever his trial from that of his codefendant to prevent the government from offering, at a joint trial, codefendant Gonzales' statements made to patrol officers through the testimony of those officers (which, pursuant to Fed. R. Evid. 801(d)(2), would not be hearsay in defendant Gonzales' trial). At a separate trial, Gonzales would not be a codefendant and her statements would not be admissible against defendant Salinas unless she testifies and subjects herself to cross examination.

Neither the government nor defendant Salinas has identified the statements allegedly made by defendant Gonzales. Sisseton-Wahpeton Sioux Tribe Safety Officer

3

Malcolm Edgar testified at the suppression hearing held in this matter that Ms. Gonzales told him she and Salinas were driving from Beardsley, Minnesota to Salinas' family's residence in the area. She initially gave Officer Edgar a false name and, after further questioning, she gave her actual name. Deputy Pfeilsticker testified at the suppression hearing that defendant Gonzales told both he and Officer Edgar that she lied to them about her name. She was thereafter arrested by Roberts County Deputy Sheriff Dylan Pfeilsticker on state charges of false impersonation. Sheriff Pfeilsticker testified at the suppression hearing held on April 12, 2023, that, after conducting an inventory search of the vehicle, a backpack was found with a wallet containing co-defendant Berta Gonzalez' social security card and a bag containing a substance that field tested positive for methamphetamine. In a backpack found in a compartment behind the back seat, officer Pfeilsticker located packages that tested positive for Fentanyl.

Defendant Gonzales responded to the motion to sever with information that she was interviewed on November 26, 2022, by Bureau of Indian Affairs-Division of Drugs Enforcement Special Agent Isaiah Soldier and Sisseton-Wahpeton Law Enforcement Criminal Investigator Jaiden Carlson at the Roberts County Sheriff's Office. Defendant Gonzales revealed that, when she was confronted and told large quantities of drugs had been found in the vehicle, she stated "the drugs belonged to Mr. Salinas." She also revealed that defendants "Salinas had brought a backpack with him and told her that the backpack contained clothes." Defendant Gonzales denied ownership or knowledge of the contents of the backpack.

The government contends that Gonzales' statements would be admissible pursuant to Fed. R. Evid. 801(d)(2)(E) as statements of a coconspirator. The Eighth Circuit has held that, "when the statements are those of a co-conspirator and are admissible under Federal Rule of Evidence 801(d)(2)(E), the Sixth Amendment and Bruton are not implicated." United States v. Mickelson, 378 F.3d 810, 819 (8th Cir. 2004). Facially, the statements at issue here are not admissible under Rule 801(d)(2)(E) because they were not made by an alleged coconspirator "during and in furtherance of the conspiracy." The statements were made during law enforcement questioning.

4

The government contends that Rule 801(d)(2)(E) extends to statements made "during the concealment phase of the conspiracy." "[C]onspirator statements made to a known police agent are admissible under Rule 801(d)(2)(E) only if intended to allow the conspiracy to continue, for example, by misleading law enforcers." United States v. Alonzo, 991 F.2d 1422, 1426 (8th Cir.1993). In Alonzo, the Eighth Circuit held that where the alleged coconspirator, "to further [her] own interests . . . implicated [her] cohorts and assisted the agents in ending the criminal enterprise," the statements were not properly admitted as coconspirator statements made in furtherance of the conspiracy. Id. As in Alonzo, the statements made by defendant Gonzales were not made in furtherance of the alleged conspiracy but were made to further her interests and implicate defendant Salinas.

"[T]here is no Confrontation Clause violation when the defendant's name and existence are excised from the statement and limiting instructions are given, even though the confession might implicate the defendant when linked to other evidence." United States v. Williams, 429 F.3d 767, 772–73 (8th Cir. 2005) (*citing* Richardson v. Marsh, 481 U.S. 200, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987)). However, "notwithstanding cautionary instructions and neutral redactions, Bruton is violated when the fact that a statement had been redacted is so obvious as to lead the jury through ordinary inferences directly to a defendant." United States v. Williams, 429 F.3d 767, 773 (8th Cir. 2005) (*citing* Gray v. Maryland, 523 U.S. 185, 118 S.Ct. 1151, 140 L.Ed.2d 294 (1998)).

Defendant Salinas contends that co-defendant's statement incriminating him "was not an admission against herself, rather a statement that directly implicates Mr. Salinas . . . The jury cannot follow a curative instruction to only consider the statement solely against the declarant as the statement is not averse to Defendant Gonzales." Thus, defendant contends, no redactions and curative instruction to consider co-defendant's statements only against herself would be sufficient to protect defendant's rights. The government counters that defendants each made statements regarding their travels and how they knew each other and that Gonzales' statements are inculpable when linked with

other evidence produced at trial, thus making the statement admissible as a confession of the codefendant.

The defendants were interviewed separately. If defendant Salinas gave a different account of even minor matters like where they came from and where they were heading in the car that night, Gonzales' statements could be used to imply that Salinas lied. Salinas would be unable to cross examine Gonzales to establish that she lied and not Salinas. It is further troubling that both officers involved in the traffic stop which led to defendants' arrests testified that that there was a language barrier in communicating with Gonzales. Any statements allegedly made by Ms. Gonzales could not be tested by cross examination to demonstrate to the jury whether she even understood the questions.

Severance is not required in this case. No evidence that violates <u>Bruton</u> will be allowed. If the government seeks the admission of Gonzales' statements, the government must, in advance of trial, provide the Court a copy of the statements, along with a proposed redacted version of the statements. If the redacted version violates Supreme Court or Eighth Circuit precedent, the co-defendant's statement will not be admitted at all. Only a redacted version that is not obviously altered to remove the defendant's name and existence will be admissible. Further, any statement made by defendant Gonzales that would imply that the statements made by defendant Salinas were lies must also be redacted.

## ORDER

Now, therefore,

IT IS ORDERED that defendant's motion, Doc. 58, to sever defendants for separate trials is denied.

DATED this 4th day of May, 2023.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

6